UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALEX PLACER,<br><br>          Plaintiff,<br><br>     v.<br><br>VAIL RESORTS MANAGEMENT<br>COMPANY,<br><br>          Defendant. | No.  2:26-cv-00464-DAD-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are several motions filed by Plaintiff (ECF Nos. 6, 7 & 8) and not appropriately noticed for hearing in compliance with Local Rule ("LR") 230.  Defendant has also filed a motion to dismiss, which is set for hearing on April 30, 2026, and Plaintiff seeks to vacate or postpone the hearing date.  The Court herein will address the motion to strike (ECF No. 6) and motion for reasonable accommodations (ECF No. 8).  The motion to remand (ECF No. 7) is hereby SUBMITTED without oral argument.  The hearing on the motion to dismiss is VACATED and will be reset if the Court later determines that oral argument is necessary.

## I.      Background and Procedural History

Plaintiff filed this action in state court under the pseudonym "Alex Placer" on January 7,

2026.  ECF No. 1.  Plaintiff alleges he suffered personal injury at a ski resort in January 2024.  Count VII of Plaintiff's complaint alleges violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181.  ECF No. 1-1 at 23-24.  Plaintiff states he filed the action under a pseudonym because he has "recently received direct threats" and that he "will contemporaneously file a noticed motion or ex parte application seeking leave to proceed under pseudonym."  ECF No. 1-1 at 4.[1]

Defendant removed the action to this Court on February 17, 2026.  ECF No. 1.  Defendant then filed a motion to dismiss on February 24, 2026.  ECF No. 4.  Plaintiff has not filed an opposition to the motion to dismiss, but did file three motions, one of which requests an extension of time to respond to the motion.  ECF No. 6.  Plaintiff also filed a motion to remand, and motion for reasonable accommodations.  ECF Nos. 7 & 8.  Defendant filed opposition briefs to Plaintiff's three motions on March 30, 2026.  Plaintiff had ten days thereafter to file a reply under Local Rule 230(d), but has filed no reply brief.  Plaintiff's three motions are now be deemed submitted.

## II.    Plaintiff's Request to Proceed Under Pseudonym

As a preliminary matter, Plaintiff is proceeding under a pseudonym and has not obtained permission from the Court to do so.  Defendant objects to Plaintiff proceeding under pseudonym and points to Federal Rule of Civil Procedure 10(a) which requires a pleading to "name all the parties."  ECF No. 4-1 at 8 n.1.  Defendant states that: "Plaintiff should be required to make the required showing and obtain court approval, before he continues to proceed using a pseudonym."  *Id*.  The Court agrees.  Plaintiff cannot proceed under a pseudonym without obtaining court approval.

In litigation, the presumption is that parties will use their real names and their identity "should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."  *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007).  Nevertheless, parties may proceed anonymously when "special circumstances justify secrecy."  *Does I thru XXIII v.*

---

[1]  It appears that no motion to proceed under pseudonym had been filed in state court, as it does not appear in the attachments to the Notice of Removal, which are represented to be "copies of all process, pleadings, and orders" served on Defendant.  ECF No. 1 at 5.

*Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Specifically, parties may use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment."  *Id*. at 1067-68 (internal quotation marks and citation omitted).

The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.  *Id*. at 1068.  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.*  Whether to allow a party to proceed anonymously is a "discretionary decision" for this Court.  *Id*.

Plaintiff has not filed a motion to proceed under a pseudonym, and the complaint only contains a conclusory assertion that Plaintiff has received "threats that create a reasonable fear of harassment, intimidation, or physical harm."  ECF No. 1-1 at 4.  Plaintiff has not explained who made such threats or submitted evidence to substantiate that such threats have been made.  If Plaintiff wishes to proceed under a pseudonym, he must file a properly supported motion setting forth specific facts which demonstrate the necessity of proceeding anonymously.  Plaintiff shall either file a motion to proceed under pseudonym within 21-days, or make future filings under his true name.

**III.    Plaintiff's Request for Accommodations (ECF No. 8)**

The Court next addresses Plaintiff's request for accommodations (ECF No. 8), as it somewhat overlaps with Plaintiff's request for extension contained in his motion to strike (ECF No. 6).  Plaintiff states that his disability is dyslexia and that it "fundamentally impairs their ability to process written information without assistive technology and prevents them from processing spoken language in real time."  ECF No. 8 at 2.  Plaintiff requests several accommodations: 1) participation in e-filing; 2) he appears to wish to be served by the Court at

3

his email address, but does not want to be served electronically by opposing counsel; 3) free electronic access to docket entries in this case; 4) an order that all hearings, conferences, or other proceedings be conducted through written submissions; 5) an order that all depositions be taken on written questions under Rule 31; and 6) require that all discovery and communications be in writing.  ECF No. 8 at 1-2.

Defendant opposes the motion and requests that it be denied.  ECF No. 11.  Defendant notes that the federal courts are not subject to the ADA or the Rehabilitation Act, citing *Myers v. UCSF Med. Ctr.*, Case No. 22-cv-07813-RS, 2023 WL 6202063, *1, n.1 (N.D. Cal. June 22, 2023) (noting that "the United States Courts are not subject to the [ADA]"); *Murray v. Murguia*, Case No. 25-cv-01364-KAW, 2025 WL 1101515, *2 (N.D. Cal. Mar. 12, 2025) ("[N]either Title II of the ADA nor Section 504 … apply to the federal judiciary … Section 504 … does not apply to the judicial branch.").  *Id.* at 5-6.

Although Defendant argues the law does not require accommodation, Defendant recognizes that Judicial Conference of the United States policy recommends providing reasonable accommodations.  *Id.* at 7.  Defendant is correct that "the federal government is excluded from the coverage of the ADA."  *Drevaleva v. Dep't of Veterans Affairs*, 835 F.App'x 221, 223 (9th Cir. 2020).  Defendants are also correct that "the Judicial Conference of the United States has long supported full access to judicial proceedings by all segments of the disabled community."  *Goldup v. Valley View Casino*, No. 24-CV-786 JLS (AHG), 2025 WL 360361, at *2 (S.D. Cal. Jan. 31, 2025) (citation and quotation omitted).  Thus, the policy of the Judicial Conference is to attempt to provide reasonable accommodations to persons with communications disabilities.  *Id*.  Defendant argues that the accommodations proposed by Plaintiff are not reasonable and would fundamentally alter the proceedings.  The Court will now address each specific request for accommodation.

**A.  E-Filing, E-Service, and CM/ECF Access**

Plaintiff's first three requests all relate to electronic court filing.  The Court's local rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."  Local Rule 133(b)(2).  This local rule

4

recognizes, as do similar local rules in other judicial districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing. *See*, *e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

The Court does not find that Plaintiff has demonstrated good cause for general permission to engage in e-filing. The Court will however allow Plaintiff to <u>receive</u> service electronically, which Plaintiff represents will allow him to use assistive technology such as text-to-speech software. ECF No. 8 at 7. The Court will not grant Plaintiff free access to PACER, but as Defendant points out, litigants are given a free look at the filings in their own case, and have the opportunity for a "single free download" upon electronic service. ECF No. 11 at 11.

### B.  Request for Written Proceedings and Communications

Plaintiff's remaining three requests for accommodation are that: 1) hearings be conducted via written submissions; 2) depositions be through written questions; and 3) that "all discovery and communications" be conducted in writing. ECF No. 8 at 2. The Court finds that most of these requests are premature. Discovery has not yet commenced, and the Court will not issue a blanket order that all depositions proceed through written questions. The Court will also not determine at this point whether all future hearings should be conducted without oral argument. The Court has granted the request to vacate the April 30 hearing. The request that all other discovery and communications be in writing is vague and premature. If specific concerns are presented later in the litigation, Plaintiff may renew this motion.

### IV.    Motion to Strike (ECF No. 6)

Plaintiff's motion contends that he was improperly served by Defendant providing courtesy copies of the motion to dismiss via email. ECF No. 6 at 1. Plaintiff claims that he was not served via email on February 18th and 24th as indicated in the certificates of service. Plaintiff contends that he does not consent to electronic service. *Id*. at 2. Plaintiff argues that Defendant has his correct email address, but did not provide him with copies via email until March 3, 2026.

*Id*. at 3.  Plaintiff also argues that mailing to a physical address was insufficient due to Plaintiff proceeding under a pseudonym and his housing instability.  *Id*.  Plaintiff asks for relief in the form of a 30-day extension of time to respond to the motion to dismiss, and to stay the April 30 hearing.  *Id*. at 5.

Defendant opposes the motion.  ECF No. 10.  First, Defendant states it does not claim to have served Plaintiff via email; rather, it utilized standard mail.  ECF No. 10 at 2.  Second, Defendant argues that Plaintiff has not established cause for an extension of time or for a stay.  *Id*. at 2-3.  Defendant states that Plaintiff's mailing address of record may not be valid as Defendant has had three mailings returned marked "Return to Sender."  *Id*. at 4.  Upon learning this, Defendant sent Plaintiff courtesy copies via email on March 3, 2026.

Defendant notes that Plaintiff, instead of filing an opposition to the motion, chose to file three other motions on March 17, 2026.  ECF No. 10 at 6.  Defendant argues that this shows, contrary to Plaintiff's representations, that he is capable of preparing and filing documents without accommodations or electronic access.  *Id*.

The record reflects that the motion to dismiss was served on Plaintiff at his mailing address of record.  ECF No. 4 at 4; ECF No. 10-1.  Appearing attorneys and pro se parties have a continuing duty to inform the Clerk's office of their current address.  LR 182(f).  Absent notice of change of address, service at the prior address is considered to be fully effective.  LR 182(f).  Plaintiff was served via mail with the motion to dismiss on February 24, 2026.  ECF No. 4 at 4.  An opposition to the motion was due within fourteen days thereafter.  LR 230(c).  Plaintiff's opposition was due March 10, 2026.  Plaintiff admits he had notice of the motion to dismiss by March 3, 2026.  Fourteen days from that date is March 17, 2026.  On that date, Plaintiff filed the motion to strike, which seeks additional time to respond.  While the motion was pending, more than 30 days have passed in which Plaintiff has not responded.  The Court agrees with Defendant that a further 30-day extension is unreasonably long.  However, the Court will allow Plaintiff fourteen days from the date of this order to file an opposition to the motion to dismiss.  The motion to strike is otherwise denied.

////

6

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to strike (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  It is granted only to the extent that the Court will grant Plaintiff an additional **fourteen days from the date of this order**, to file an opposition to the motion to dismiss, and will VACATE the April 30, 2026 hearing date.  Plaintiff is cautioned that no further extension of this deadline will be granted absent a showing of extraordinary circumstances.  Additionally, as provided by Local Rule 230(c) "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."

2.  Plaintiff's motion to remand (ECF No. 7) is submitted on the briefs and the Court will issue Findings and Recommendations in due course.

3.  Plaintiff's motion for reasonable accommodations (ECF No. 8) is GRANTED IN PART and DENIED IN PART as set forth herein.

4.  The Clerk is directed to configure CM/ECF so that Plaintiff receives immediate email notifications of Court filings at alexplacervail@gmail.com.

5.  Plaintiff is directed to file a motion to proceed under pseudonym within 21 days, or alternatively to begin filing pleadings using his true name.

SO ORDERED.

DATED: April 23, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7