UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX PLACER,

        Plaintiff,

    v.

VAIL RESORTS MANAGEMENT COMPANY,

        Defendant.

No.  2:26–cv–00464–DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion to remand this action to state court.  ECF No. 7.  That the motion should be DENIED.

**I.    Procedural History**

Plaintiff filed his complaint in Superior Court in Placer County on January 7, 2026.  ECF Nos. 1-1 at 2.  Defendant was served on January 20, 2026, and filed a Notice of Removal in this Court on February 17, 2026.  ECF No. 1.  Plaintiff's complaint contains eleven claims, including Count 7, which alleges violation of a federal statute, the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.  ECF No. 1-1 at 23-24.  On February 24, 2026, Defendant filed a motion to dismiss.  ECF No. 4.  On March 17, 2026, Plaintiff filed a motion to remand.  ECF No. 7.  Defendant filed an Opposition (ECF No. 12) to the motion to remand, and no reply was filed.  On April 23, 2026, the Court took the motion to remand under submission.  ECF No. 13.

1

Defendant's motion to dismiss (ECF No. 4) is now fully briefed, with the filing of the reply brief on May 18, 2026.  The undersigned will issue Findings and Recommendations on that motion in due course.  Plaintiff has also filed a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling" (ECF No. 14), which is directed to Judge Drozd.  Also pending is a motion to proceed under pseudonym (ECF No. 16), which the undersigned will address in due course.

## II.    Legal Standard

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992).  Congress has granted federal courts jurisdiction over cases that "aris[e] under" federal law.  28 U.S.C. § 1331.  This type of jurisdiction is known as "federal-question jurisdiction."  *Badgerow v. Walters*, 596 U.S. 1, 7-8 (2022).  District courts also have jurisdiction to decide diversity cases—suits between citizens of different States and where the amount in controversy exceeds $75,000.  *Id.* at 7 citing 28 U.S.C. § 1332.

"The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under § 1447(c) "is mandatory, not discretionary."  *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

## III.    Analysis

The motion to remand appears to argue that the action was improperly removed on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Plaintiff states the action

was removed "based on speculative and insufficient jurisdictional grounds." ECF No. 7 at 1. Plaintiff argues the Court lacks subject matter jurisdiction because Defendant failed to establish the amount in controversy exceeds $75,000. *Id.* at 2. Plaintiff spends several pages arguing that he was not properly served with the notice of removal, and that he should receive additional time to submit his motion to remand. *Id*. at 5-9. Plaintiff argues the time to move for remand should thus run from March 3, 2026. *Id.* at 8. This argument is unnecessary. The notice of removal was filed February 17, 2026, and Plaintiff timely moved to remand on March 17, 2026. *See* 28 U.S.C. § 1447(c).

Defendant's opposition states that the matter was removed both on the basis of federal question jurisdiction, and diversity jurisdiction. ECF No. 12 at 5. The Notice of Removal cites both federal question and diversity as a basis for jurisdiction. ECF No. 1 at 2. Defendant points out that: "Plaintiff does not address, much less dispute, that the Court has original jurisdiction over the federal ADA claim."[1] *Id*. Defendant contends the Court may exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. *Id.* at 7.

Defendant is correct. As the Supreme Court has stated, "an action arises under federal law if that law creates the cause of action asserted." *Badgerow*, 596 U.S. at 7 (citation and quotation omitted). Simply stated, "when federal law authorizes the action, the party bringing it—once again, typically—gets to go to federal court." *Id*. at 8. Plaintiff alleges violation of a federal statute, the ADA. The Court has federal question jurisdiction over that claim. The Court also has supplemental jurisdiction over the related claims that "form part of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiff's motion to remand is meritless.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

    1. The Motion to Remand (ECF No. 7) be DENIED; and

    2. The matter be referred back to the Magistrate Judge for further pretrial proceedings.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days**

---

[1] Plaintiff did not file a reply brief to address the omission, or to concede the issue.

after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE