UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX PLACER,<br>Plaintiff,<br>v.<br>VAIL RESORTS MANAGEMENT COMPANY,<br>Defendant. | No. 2:26-cv-00464-DAD-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's "Second Motion for Reasonable Accommodation" and request for e-filing (ECF No. 25). Plaintiff has previously filed a motion seeking accommodation and e-filing (ECF No. 8) and a motion for reconsideration (ECF No. 14) of the Court's ruling on that Order. This is therefore Plaintiff's third motion seeking essentially the same relief.

This Court considered the first motion, granting it in part and denying it in part. ECF No. 13. Judge Drozd then considered the motion for reconsideration and denied it. ECF No. 24. Judge Drozd stated: "The court has considered plaintiff's motion for reconsideration and the many grounds set forth therein, finding none of them to be persuasive." *Id.* at 2. Judge Drozd's order was entered on September 24, 2026. Plaintiff filed this motion less than two weeks later, once again asking the Court to reconsider what it has already considered multiple times.

"Motions for reconsideration are disfavored, and they are not to be used to ask the Court to rethink what the court had already thought through." *Flores v. City of Bakersfield*, 2025 WL 2208131 (E.D. Cal. Aug. 4, 2025) (citation and quotation omitted).

Plaintiff claims he is not seeking reconsideration (ECF No. 25 at 2), but does in fact seek reconsideration, and the impetus appears to be that Plaintiff's home internet was not working sufficiently. Plaintiff states he received the notice of electronic filing of ECF No. 24 "but was unable to retrieve the documents because Plaintiff's browser froze during the retrieval process." ECF No. 25 at 2. Plaintiff's difficulties with his home internet service are not reason for the Court to reconsider the two prior rulings on this issue. Further, the circumstances of this case have not changed significantly since Plaintiff's prior motions. The case is still in the early stages and the Court will be issuing written decisions on the pending motions (ECF No. 4 & 16) in due course.

Plaintiff claims that he requires additional methods to receive and to file documents with this Court and seeks exemption from the Court's Local Rules and to be allowed to email Court filings to "a designated Clerk's office email address" even though that would violate Local Rule 134(a). Plaintiff's litigation activity thus far has demonstrated that he is able to receive and file documents with the Court. Further, Plaintiff filing repetitive motions on the same subject matter, such as the instant motion, demonstrates a potential for abuse if electronic filing is permitted.

Despite the declared judicial emergency in this District and immense caseload, the Court has addressed this motion promptly based on Plaintiff's request that the Court address this motion before issuing any further order that may set a deadline. ECF No. 25 at 13 & 16. Plaintiff shall refrain from filing further repetitive motions on maters that have already been addressed.

Accordingly, **IT IS HEREBY ORDERED** that: Plaintiff's motion (ECF No. 25) is DENIED.

SO ORDERED.

DATED: October 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE