UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX PLACER,

Plaintiff,

v.

VAIL RESORTS MANAGEMENT COMPANY,

Defendant.

No. 2:26-cv-00464-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's motion to proceed under a pseudonym. ECF No. 16. Plaintiff did not notice the motion for hearing in compliance with Local Rule ("LR") 230, and Plaintiff in prior filings has requested that hearings be conducted via written submissions. *See* ECF No. 8 at 2. Defendant filed an opposition. ECF No. 19. Plaintiff did not file a reply. Having considered the written submissions, the motion (ECF No. 16) is denied.

**I. Background and Procedural History**

Plaintiff filed this action in state court under the pseudonym "Alex Placer" on January 7, 2026. ECF No. 1. Plaintiff alleges he suffered personal injury at a ski resort in January 2024. Count VII of Plaintiff's complaint alleges violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12181. ECF No. 1-1 at 23-24. Plaintiff states he filed the action under a pseudonym because he "recently received direct threats" and "will contemporaneously file a notice motion or ex parte application seeking leave to proceed under pseudonym." ECF No. 1-1 at 4.[1]

Defendant removed the action to this Court on February 17, 2026. ECF No. 1. In an order of April 23, 2026, the Court noted that Plaintiff was proceeding under a pseudonym and had not obtained permission from the Court to do so. ECF No. 13 at 3. Plaintiff was directed to file a motion to proceed under pseudonym within 21 days, or to make future filings using his true name. *Id*. Plaintiff timely filed the motion on May 6, 2026.

**II. Plaintiff's Request to Proceed Under Pseudonym**

Federal Rule of Civil Procedure 10(a) requires a pleading to "name all the parties[.]" The presumption is that parties will use their real names; their identity "should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). Parties may proceed anonymously when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000). Specifically, a pseudonym is appropriate "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-68 (internal quotation marks and citation omitted).

The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 1068. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's

[1] It appears that no motion to proceed under pseudonym was filed in state court, as such motion does not appear in the attachments to the Notice of Removal, which are represented to be "copies of all process, pleadings, and orders" served on Defendant. ECF No. 1 at 5.

need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* Whether to allow a party to proceed anonymously is a "discretionary decision" for the court. *Id*.

Plaintiff's complaint contains the conclusory assertion that Plaintiff has received "threats that create a reasonable fear of harassment, intimidation, or physical harm." ECF No. 1-1 at 4. This Court's prior order informed Plaintiff if he "wishes to proceed under a pseudonym, he must file a properly supported motion setting forth specific facts which demonstrate the necessity of proceeding anonymously." ECF No. 13 at 3. Plaintiff's motion continues to make conclusory assertions. He states he has received "credible death threats" (ECF No. 16 at 1), but there is no description of the substance of the threat, the form of communication, who made the threat, etc. Plaintiff further argues that Defendant already knows who he is, and that his claims are "objectively verifiable" without knowing his true name. *Id.* at 1-2. Plaintiff argues that because he has dyslexia and anxiety he is more susceptible to harm. *Id*. at 3. Additionally, Plaintiff points to two spam emails he received from GettingOut Customer Care that he thinks may have been related to the disclosure of his email for this litigation. *Id.* at 14. He attached these emails to the motion, and they do not contain threats. *Id.* at 16-17.

Plaintiff's supporting declaration does not provide much additional specificity. He again does not describe the substance of the threat, other than as "credible death threats." ECF No. 16 at 12. He states they were delivered "verbally" and he has "no documentary evidence of the threats." *Id*. He further states the "individuals who made these threats know my true name." *Id.*

Defendant opposes the motion. ECF No. 19. Defendant argues the motion should be denied because "Plaintiff's vague references to unsubstantiated 'death threats' by unknown persons with no apparent connection to this litigation, and concerns about a third-party electronic communication system transmitting two unsolicited, apparently unrelated, non-threatening e-mails to Plaintiff, are wholly insufficient to justify the use of a pseudonym under Ninth Circuit authorities." ECF No. 19 at 2. Defendant also suggests that Plaintiff may be seeking to proceed under a pseudonym because he has been declared a vexatious litigant in state court. *Id.*

Defendant further argues that it would be prejudiced if Plaintiff is allowed to proceed

under a pseudonym: "[Defendant's] ability to conduct discovery, serve subpoenas, obtain Plaintiff's medical records from health care providers, and file discovery motions as needed would be impacted, if it cannot use Plaintiff's name on those documents." ECF No. 19 at 8. Defendant further argues it will be prejudiced as it cannot adequately raise the issue of Plaintiff's vexatious litigant status and conduct.

Plaintiff has not established a need to proceed pseudonymously. In *Advanced Textile* the Ninth Circuit stated the court should balance five factors: (1) "the severity of the threatened harm," (2) "the reasonableness of the anonymous party's fears," (3) "the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest. 214 F.3d at 1068. "To proceed pseudonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Ventura Unified Sch. Dist.*, No. 25-6117, 2026 WL 1429744, at *1 (9th Cir. May 21, 2026) (citation and quotation omitted).

Plaintiff alleges "credible death threats," so the alleged severity of harm is high, but the allegations are vague and implausible. Plaintiff presents no plausible reason why he is being threatened based on a lawsuit involving an alleged slip and fall at a ski resort. Plaintiff further provides no information about who threatened him, or when. Plaintiff states he has no documentary record of these threats. Lawsuits involving premises liability and personal injury are brought every day in court without a need to proceed anonymously. This lawsuit does not present matters of a sensitive and highly personal nature. "[B]are assertions are insufficient to establish a reasonable fear of severe harm." *Ventura Unified*, 2026 WL 1429744 at *1, citing *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Nothing in the record shows Plaintiff's alleged fear to be reasonable. Further, Plaintiff argues Defendant already knows his identity, so proceeding pseudonymously does not protect him from Defendant. Plaintiff has also stated that the "individuals who made these threats know my true name[.]" ECF No. 16 at 12. Thus, proceeding anonymously does not protect him from individuals who already know his identity.

Further, Plaintiff has not demonstrated that he reasonably fears severe harm because he has litigated this matter in a way to identify himself. In order to support his third motion for e-filing, Plaintiff identified two other lawsuits in which he was the Plaintiff, one in this Court and one in the Ninth Circuit. ECF No. 25 at 14-15 (identifying case No. 25-cv-03110-DJC-CSK and Ninth Circuit Case No. 26-5379). Anyone with public access to the docket can pull up either of those cases and see Plaintiff's name. Thus, Plaintiff has already disclosed his identity. Courts have rightly denied motions to proceed pseudonymously on such basis. *See, e.g., Kawamura v. Mammoth Hospital,* No. 25-cv-00789-KES-EPG, 2026 WL 523669 (E.D. Cal. Feb. 25, 2026) (denying motion to proceed under pseudonym and noting that "Plaintiff has already filed many documents in this case that include her name"); *Hinckley v. All Am. Waste Servs. Inc*., No. CV-25-00927-PHX-SHD, 2025 WL 1940001, at * 5 (D. Ariz. July 15, 2025) (denying motion and stating "once information is public, it is no longer confidential"); *Del Nero v. Allstate Ins. Co*., 2021 WL 3285033 (C.D. Cal. June 30, 2021) (denying motion to use pseudonym where name was already disclosed).

Additionally, from that disclosure, the Court is now aware of Plaintiff's name, and as Defendant has represented, that name appears on California's vexatious litigant list.[2] This raises concern that Plaintiff seeks to proceed under a pseudonym for an improper purpose. This is a tactic used by some vexatious litigants to make it difficult to track prior cases—tracking prior cases allows defendants to identify potential defenses such as claim or issue preclusion, and identify duplicative litigation. *See O.L. v. Jara*, No. 21-55740, 2022 WL 1499656, at *3 n. 1 (9th Cir. 2022) ("In those other cases, as here, [plaintiff] proceeds either as Jane Doe or by initials (which may or may not be her own). While O.L. makes it difficult to track her cases because she uses initials or pseudonyms, we caution that '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'") (citation omitted).

---

[2] The list is available at: https://courts.ca.gov/system/files/file/vexlit.pdf (last visited October 10, 2026).

In sum, Plaintiff has not established the need to proceed pseudonymously. The alleged threat of harm is vaguely described. As discussed above, the Court does not find Plaintiff's fear to be reasonable. The Court finds that Defendant would be prejudiced by an additional burden in conducting discovery as described in their Opposition (ECF No. 19) and also by Plaintiff obscuring his apparent vexatious litigation history from Defendant and the Court. Finally, the public interest in open court proceedings is better served by Plaintiff proceeding under his true name.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed under a pseudonym (ECF No. 16) is DENIED.
2. In order to comply with Federal Rule of Civil Procedure 10(a), Plaintiff shall file an amended version of the First Amended Complaint within 14 days of the date of this Order that includes his true and correct legal name in the caption. Plaintiff is not permitted to make any other changes to the First Amended Complaint. The Court will then consider and issue Findings and Recommendations on the previously filed Motion to Dismiss (ECF No. 4).
3. Plaintiff is cautioned that failure to comply with this Order may lead to a recommendation that this action be dismissed for failure to comply with an order of the Court. *See* Fed. R. Civ. P. 41; Local Rule 110.
4. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 20, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE