UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX PLACER,

Plaintiff,

v.

VAIL RESORTS MANAGEMENT COMPANY,

Defendant.

No. 2:26-cv-00464-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 20, 2026, the undersigned denied Plaintiff's motion to proceed under a pseudonym and directed Plaintiff to file an amended complaint including Plaintiff's "true and correct legal name" (the "Pseudonym Order"). ECF No. 28 at 6. The amended complaint was due by November 4, 2026. *Id.* Plaintiff has not filed the amended complaint as ordered.

On November 2, 2026, Plaintiff filed objections to the Pseudonym Order and requested that District Judge Drozd stay that order. ECF No. 31. On the same date, Plaintiff filed a motion to transfer venue in which they[1] seek to transfer venue because they are dissatisfied with the Court's rulings. ECF No. 33.

[1] Plaintiff filed a request for use of preferred pronouns which states: "Alex Placer is non-binary and uses the honorific Mx. and they/them pronouns." ECF No. 29 at 12.

While Plaintiff has requested a stay from Judge Drozd, at this time no stay has been entered. The November 4, 2026 deadline to file an amended complaint with Plaintiff's true name remains effective. Defendant filed an opposition to the objections and request for stay. ECF No. 34. Defendant correctly points out that Plaintiff's objections are not properly captioned as required by Local Rule 303(c), which states: "This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" ECF No. 34 at 2. Defendant further contends the motion for reconsideration is merely reargument and does not comply with Local Rule 230(j). *Id.*

A plaintiff's failure to disclose their true identity after an order to do so is grounds for dismissal. *See Doe v. Kamehameha Schools*, 596 F.3d 1036, 1046 (9th Cir. 2010) ("[W]e affirm the district court's order dismissing the case based on plaintiffs' failure to disclose their identities."). Federal Rule of Civil Procedure 10 requires a pleading to "name all the parties" and Rule 17 requires that an action be prosecuted in the name of the real party in interest. "The normal presumption in litigation is that parties must use their real names." *Kamehameha Schools*, 596 F.3d at 1042. Failure to do so may result in dismissal. *See Doe v. Nike USA, Inc.*, No. 2:23-cv-10197-RGK-SSC, 2024 WL 4404990 at *2 (C.D. Cal. Jan. 5, 2024) ("On balance, the Court finds that the factors weigh against pseudonymity. Accordingly, the Court dismisses the Complaint without prejudice.").

Moreover, the filing of objections to the Pseudonym Order and a motion to stay that order does not relieve Plaintiff from complying with the order. "We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation."[2] *Castelan-Gutierrez*

---

[2] There are several reasons why this rule is sound. First, "decisions by a magistrate judge should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district [judge]." *Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317 (D. Kan. 1993). A magistrate judge is empowered by statute to "determine" non-dispositive matters, as opposed to merely

*v. Bodega Latina Corp*., No. 2:17-cv-01877-JAD-NJK, 2018 WL 4050493, at *1 (D. Nev. Mar. 30, 2018). "It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay." *PlayUp Inc. v. Mintas*, 635 F.Supp.3d 1087, 1094 (D. Nev. 2022). If Judge Drozd reverses the undersigned on the Pseudonym Order, Plaintiff could then seek any appropriate relief consistent with Judge Drozd's order. But in the meantime, Plaintiff must comply with the Pseudonym Order.

As the action will not proceed if Plaintiff does not utilize their true name, it would be an inefficient use of judicial resources to adjudicate the motion to dismiss (ECF No. 4) until it is clear whether Plaintiff will amend the complaint as ordered. *See Hindu Am. Found., Inc. v. Kish*, No. 2:22-cv-01656-DAD-JDP, 2024 WL 3794056 at *6 (E.D. Cal. Aug. 13, 2024) (denying motion to proceed under pseudonym and denying motion to dismiss as moot because plaintiffs were directed to file an amended complaint).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Absent the entry of a stay by Judge Drozd, Plaintiff shall comply with this Court's prior Order (ECF No. 28) by filing a First Amended Complaint **within 7 days of the date of this Order** that includes Plaintiff's true and correct legal name in the caption. Plaintiff is not granted leave by this Order to make any other changes to the First Amended Complaint.
2. If Plaintiff complies with this Order, the Court will proceed to consider the previously filed motion to dismiss (ECF No. 4).

---

making recommendations. 28 U.S.C. § 636(b)(1). "A magistrate [judge]'s order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the magistrate [judge]'s order to the status of a recommendation where an objection is raised." *White v. Burt Enterps*., 200 F.R.D. 641, 642 (D. Colo. 2000) (quotation omitted). Second, allowing the act of filing an objection to automatically stay a magistrate judge's order would incentivize frivolous objections. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc*., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). That "would further burden district judges," contrary to the purpose of having magistrate judges to lighten the load. *Esparza v. Bridgestone/Firestone, Inc*., 200 F.R.D. 654, 657 (D. Colo. 2001). Third, an automatic stay brings a risk of delay regardless of the merits of any objection, which could be "enormous[ ]" in "this time of congested dockets." *See id.*

3. If Plaintiff does not comply with this Order, the Court will issue Findings and Recommendations that the action be dismissed.

SO ORDERED.

DATED: November 10, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE